FRANCINE J. GEORGE,

                                         Plaintiff,

            -v.-                                 5:18-CV-1138
                                                        (DHN/ATB)

PROGRESSIVE INS. AGENCY, INC., et al.,

                                     Defendants.

FRANCINE J. GEORGE, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

      The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff Francine J. George. (Dkt. Nos. 1, 2).

## I.    <u>IFP Application</u>

      Plaintiff declares in her IFP application that she is unable to pay the filing fee. (Dkt. No. 2). Although plaintiff has indicated that she has no money at all from any sources, it is unclear how plaintiff can have absolutely no money. Plaintiff may not have understood that she was required to list money from any sources, including public assistance or other funds. In any event, the court finds for purposes of this Order and Report-Recommendation that plaintiff is financially eligible for IFP status.

      However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiffs' complaint under the above standards, keeping in mind that pro se pleadings are interpreted to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## II.   Facts

Plaintiff has sued Progressive Insurance Agency, Inc. ("Progressive"), Attorney Neil Gingold, a "John Doe" attorney, and two other "John Doe" defendants. (Complaint ("Compl.")) (Dkt. No. 1).  Plaintiff states that Progressive Insurance Agency, Inc.'s "insurer"[1] put his camper on plaintiff's property and started a fire, apparently causing the destruction of plaintiff's home. (Compl. ¶ 8).  Plaintiff states that defendants John Doe 2 and John Doe 3 retained defendant Attorney Gingold and defendant Attorney John Doe, without plaintiff's knowledge or consent. (Compl. ¶ 8).

Plaintiff claims that defendant Gingold and defendant Attorney Doe each contacted defendant Progressive "on behalf of plaintiff" without her knowledge and consent, and they "falsely misrepresented plaintiff."[2]  Plaintiff claims that all the defendants made "false representations." (Compl. ¶ 13).  Plaintiff alleges that when defendant Gingold contacted Progressive on June 3, 2015, he spoke to the Fire Supervisor about the "above incident" and stated that he was the "legal representative for Plaintiff." (Compl. ¶ 13(a)).  Plaintiff claims that on June 4, 2015, defendant Attorney Doe did the same thing.  These representations were "false." (Compl. ¶¶ 13(a), 13(b)).  Plaintiff alleges that "at that time," Progressive told plaintiff that the company "failed to attain a formal document of retainer from Attorney Neil Gingold and Attorney John Doe." (Compl. ¶ 13(c)).  Plaintiff states that she never retained either of the attorneys. (Compl. ¶ 13(d)).

---

[1] The court assumes that plaintiff means the "insured" because the "insurer" would be Progressive.

[2] Defendant Gingold allegedly contacted defendant Progressive on June 3, 2015 and defendant Attorney Doe allegedly contacted defendant Progressive on June 4, 2015. (Compl. ¶¶ 10, 11).

Plaintiff states that Progressive told both attorneys that "insurer Mauri George did not possess a policy providing for damages to property." (Compl. ¶ 13(f)). Plaintiff claims that she discovered this "misrepresentation" in August of 2018, and she called defendant Gingold, who "became extremely defensive and stated he never represented Plaintiff Francine J. George." (Compl. ¶ 13(g)). Plaintiff states that she has never been able to locate Attorney Doe. (Compl. ¶ 13(h)).

Plaintiff states that she informed the Attorney Grievance Committee for the Fifth Judicial District that defendant Gingold falsely misrepresented plaintiff in "this matter," but that the Committee declined to investigate her complaint "in violation of applicable law. (Compl. ¶ 13(i)-13(k). Plaintiff alleges that the Grievance Committee delayed the matter, causing plaintiff great stress, and "as a proximate result" of all the defendants' conduct, plaintiff has suffered damages in an amount to be determined at trial. (Compl. ¶ 13(m)). Plaintiff claims that John Does 2 and 3 retained defendant Gingold and Attorney Doe without plaintiff's knowledge and consent and states that all the defendants attempted to obtain property and money in excess of one million dollars from plaintiff.

## IV. <u>Jurisdiction</u>

### A. <u>Legal Standards</u>

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012); *Henderson ex rel. Henderson v. Shinseki*, __ U.S. __, 131 S. Ct. 1197, 1202 (2011)). Federal courts are mandated to examine their own jurisdiction sua sponte at

4

every stage of the litigation. *Id. See In re Tronox, Inc.*, 855 F,3d 84, 85 (2d Cir. 2017) (federal courts have an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte).

> A federal court exercises limited jurisdiction pursuant to Article III of the Constitution. It has subject matter jurisdiction over claims in which: (1) there is a 'federal question' in that a colorable claim arises under the 'Constitution, laws or treaties of the United States,' 28 U.S.C. § 1331; and/or if (2) there is complete "diversity of citizenship" between each plaintiff and all defendants and a minimum of $75,000 in controversy, 28 U.S.C. § 1332.

*Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 511-12 (D. Conn. 2015) (quoting *Da Silva v. Kinsho International Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction) (footnote omitted)), *reconsideration denied*, No. 3:14-CV-53, 2015 WL 2124365 (D. Conn. May 6, 2015).

## B.    Application

In this case, plaintiff alleges that she is bringing this action "pursuant to 176.30 Insurance Fraud in the First Degree. (Compl. ¶ 2). Plaintiff is referring to a New York State Penal Law statute. N.Y. Penal Law § 176.30. Plaintiff has not stated any other basis for federal question jurisdiction. Thus, she has not alleged jurisdiction under 28 U.S.C. § 1331 because she has not stated a claim based on the Constitution, laws, or treaties of the United States.

With respect to diversity, plaintiff alleges that she and all the defendants are citizens of New York State. Although she refers to Progressive as a "foreign" corporation, she then states that Progressive is "incorporated in the State of New York." A corporation is a citizen of, inter alia, the state in which it is incorporated. 28 U.S.C.

§ 1332(e)(1). Thus, as described in the complaint, Progressive is a citizen of New York. Even if Progressive were not a citizen of New York State, diversity jurisdiction would not exist because all the other defendants are citizens of New York, and thus, there would not be "complete diversity" as required under section 1332. Thus, this court has no diversity jurisdiction to adjudicate plaintiff's claims. There is no other basis upon which plaintiff may bring her claims, and thus, this court has no subject matter jurisdiction to adjudicate plaintiff's case.

## V.   Criminal Law Offenses

### A.    Legal Standards

There is no private right of action to enforce either state or federal criminal statutes. *Carvel v. Ross*, No. 09-Civ. 722, 2011 WL 856283, at *11-12 (S.D.N.Y. Feb. 6, 2011) (citing *inter alia Abrahams v. Incorporated Village of Hempstead*, No. 08-CV-2584, 2009 WL 1560164, at *8 (E.D.N.Y. June 2, 2009) (dismissing civil suit for perjury because there is no private right of action for perjury under New York Law)).

### B.    Application

In addition to the lack of jurisdiction noted above, the court must point out that plaintiff asserts that she is bringing this action "pursuant to 176.30 Insurance Fraud in the First Degree." (Compl. ¶ 2). Section 176.30 is a section of the New York Penal Law which describes criminal insurance fraud. There is no private right of action under the New York State Penal Law.[3] Thus, plaintiff may not bring an action for "Insurance

---

[3] To the extent that the court could interpret plaintiff's action as a civil action based on common law fraud, there is still no jurisdiction to adjudicate plaintiff's claims. Common law fraud is a New York State Law claim. *See Premium Mortgage Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (describing the elements of fraud under New York Law). Without a basis for diversity jurisdiction, this court would be unable to consider such a claim. If plaintiff had alleged a basis for federal question jurisdiction, the court could entertain a supplemental state law claim in certain circumstances. 28

6

Fraud in the First Degree."

## IV. **Opportunity to Amend**

### A. **Legal Standard**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B. **Application**

Because this court has no subject matter jurisdiction, the court must recommend dismissing the action without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018). This court has serious doubts about whether plaintiff can amend to assert any form of federal jurisdiction over the situation that plaintiff describes in her complaint. However, because the court must recommend dismissal without prejudice, plaintiff may be given an opportunity to amend her complaint. Any amended complaint should be a complete pleading, must supercede the original, and must not incorporate any facts from the original complaint. In addition, any amended complaint must assert a proper basis for jurisdiction in federal court. Plaintiff is also free to bring her claims in New York State Court.

The court must also note that if plaintiff chooses to file an amended complaint, she should properly complete a new motion to proceed IFP, in which she should include information regarding any income that she might have, including any public assistance benefits or money that she receives from private individuals for her living

---

U.S.C. § 1367. However, as discussed above, there is no federal question jurisdiction in the first instance.

expenses. Finally, as plaintiff was informed by Text Notice, dated September 21, 2018, the Clerk's Office cannot issue summonses for "John Doe" parties. If plaintiff chooses to amend her complaint, she should attempt to ascertain their identities.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED SUA SPONTE WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and it is

**RECOMMENDED**, that if the District Court adopts this recommendation, plaintiff be given **FORTY-FIVE (45) DAYS** to file an amended complaint, and if plaintiff files an amended complaint, the court may direct the Clerk to return the proposed amended complaint to me for my review, and it is

**RECOMMENDED**, that if plaintiff fails to file an amended complaint within the time allotted by the District Judge or request an extension of time to do so, the action be dismissed without prejudice without further order of the court, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 28, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge